FILED

September 20, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:22 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **ROBERT WATSON,** | ) | **Docket No. 2017-05-0515** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CATLETT CONSTRUCTION,** | ) | **State File No. 36534-2017** |
| **Employer,** | ) | |
| **and** | ) | |
| **AUTO OWNERS INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

This matter came before the Court on September 17, 2018, for an Expedited Hearing. The present focus of this case is whether Mr. Watson is entitled to medical treatment and temporary disability benefits for his alleged back and left shoulder injuries. The central legal issue is whether he is likely to establish at a hearing on the merits that his injuries arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds Mr. Watson failed to do so and is not entitled to benefits at this time.

## History of Claim

This is Mr. Watson's second Expedited Hearing. Following the first Expedited Hearing, the Court issued an order denying the requested benefits on February 26, 2018.[1] The Court found that Mr. Watson would likely prevail at a hearing on the issues of notice and statute of limitations, but that he was unlikely to prove that his condition arose primarily out of and in the course and scope of his employment. Specifically, the Court found that Mr. Watson's medical records did not support his contention that he suffered a

---

[1] The Court summarized the full history of Mr. Watson's injury and medical treatment in its prior order and finds it unnecessary to repeat that summary here.

1

discrete, identifiable injury on June 23, 2016. Therefore, he was not likely to prove his injury arose in the course and scope of his job. On the "arising primarily out of employment" element, the Court also found Mr. Watson's medical proof insufficient to establish a likelihood of success at a hearing on the merits.

Mr. Watson appealed the Order. The Workers' Compensation Appeals Board affirmed.

Afterward, Mr. Watson filed this Request for Expedited Hearing (REH) seeking a decision on the record and filed three C-32 forms in support of his renewed REH.[2] The Court issued a Docketing Notice identifying the documents it received for review and providing the parties an opportunity to file objections to the admissibility of any of those documents. Neither party filed an objection, and the Court took up the hearing request on September 17.[3]

Dr. Christopher Stark completed his first C-32 on December 4, 2017. His description of the injury was simply, "shoulder," and he identified a specific incident that brought about the injury as, "6/23/26 moving windows/doors." Dr. Stark then checked the "yes" box next to the question, "Was the employment activity, more likely than not, primarily responsible for the injury or primarily responsible for the need for treatment?" He went on to indicate that the injury did not "involve the aggravation of a pre-existing injury."

Dr. Stark signed a second C-32 on February 28, 2018.[4] This time, his description of the injury was, "Rotator cuff tear, labral tear, A-C joint injury." His description of the incident was now, "Injury June, 2016." Dr. Stark also changed his previous opinion by checking "yes" to indicate that the "injury involve[d] the aggravation of a pre-existing injury." He also stated the employment activity was primarily responsible for advancing the pre-existing condition and was primarily responsible for the present need for treatment.

The third C-32 comes from Dr. Mark Hawkins, Mr. Watson's chiropractor of several years. He described the injury as "rotator cuff impingement" and the mechanism of injury as "lifting windows." In response to the question, "Was there a specific incident

---

[2] Mr. Watson filed two of these forms in the first Expedited Hearing. Catlett objected, and the Court excluded them, finding that they did not comply with the provisions of Tennessee Code Annotated section 50-6-235.

[3] Catlett filed a Notice of Objection to the Standard Form Medical Reports when Mr. Watson filed them but included no grounds for that objection other than, "pursuant to Tenn. Code Ann. § 50-6-235(c)(2)." The Court therefore interprets this filing as Catlett preserving its right to depose the doctors who completed the C-32s. As Catlett stated no other grounds and filed no objection after the Docketing Notice, the Court finds that they are admissible for this Expedited Hearing.

[4] The date on the form actually gives 2017 as the year, but this appears to be a clerical error.

2

or set of incidents identified that brought about the injury," Dr. Hawkins checked "no." To the "aggravation of a pre-existing injury" question, he checked "yes" but then put a question mark next to his response, wrote an explanation, and then crossed the explanation out. Dr. Hawkins also responded that the employment activity was primarily responsible for advancing the pre-existing condition and was primarily responsible for the present need for treatment.

### Findings of Fact and Conclusions of Law

Mr. Watson need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To prove a compensable injury, Mr. Watson must show that his alleged injuries arose primarily out of and in the course and scope of his employment. To do so, he must show his injury arose primarily out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(14). Applying these principles, the Court cannot find that Mr. Watson would likely to meet his burden of proof at a hearing on the merits.

At the first expedited hearing, the Court found that Mr. Watson would be unlikely to prove at a hearing on the merits that his injury occurred in the course and scope of his employment. The Court reached this conclusion because Mr. Watson's medical records and testimony did not support his contention that he suffered a discrete, identifiable injury on June 23, 2016. Specifically, the medical records provided inconsistent dates of injury, and no medical history mentioned the incident that allegedly caused his conditions until seven months after they occurred.

As noted above, the only new evidence submitted to the Court for this REH is the three C-32s. The forms address medical causation, which relates to whether the injury arose primarily out of his employment. Thus, Mr. Watson provided no additional medical records, affidavits, or testimony in support of his claim that he suffered a specific work related injury on June 23, 2016. The evidence, therefore, is still insufficient to find that Mr. Watson would likely succeed in proving at a hearing on the merits that he suffered a work related injury "identifiable by time and place of occurrence."

Because Mr. Watson failed to establish a likelihood of proving an injury occurring in the course of his employment, the Court need not address whether the additional C-32s are likely to meet the "arising primarily out of" requirement.

3

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Watson's claim against Catlett Construction and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. The Scheduling Order of June 14, 2018, remains in effect.

   **ENTERED this the 20th day of September, 2018.**

   _____
   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**


### APPENDIX

Exhibits:
1. All exhibits identified in the Court's February 26, 2018 Expedited Hearing Order
2. C-32 Form of Dr. Christopher Stark dated December 4, 2017
3. C-32 Form of Dr. Christopher Stark dated February 28, 2017
4. C-32 Form of Mark Hawkins, D.C. dated December 3, 2017

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Parties' Pre-Hearing Statements
5. Catlett's Exhibit and Witness Lists
6. Catlett's Objections to C-32 Forms
7. Second Request for Expedited Hearing
8. Catlett's Second Objections to C-32 Forms

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of September, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|-----|-------|------------------|
| Robert Watson | X | | X | 405 Hump Circle<br>Spring Hill, TN 37174<br>robertthumperwatson@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**